JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Heriberto Torres

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Medina|Morgan LLC; 1760 Market Street; Suite 1301
Philadelphia PA; (215) 326 1724

## DEFENDANTS

Vision Quest National LTD
600  North Swan Road, Tuscon, AZ 85711

County of Residence of First Listed Defendant    Pima County AZ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|   |   |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

|   |   |   |   |   |   |   |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Diversity case seeking damages for sexual abuse plaintiff suffered while in defendant's juvenile facility

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In Excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| Aug 14, 2026 | /s/ Cynthia B. Morgan, Esq. |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**SPOTLIGHT JUSTICE PLLC**
200 Barr-Harbor Drive, Suite 400
Conshohocken, PA 19428
By: Dena R. Young
Identification No. 308703
Telephone: (610) 659-4567
Email: dena@spotlightjustice.com

**MEDINA | MORGAN LLC**
1760 Market Street, Suite 1301
Philadelphia, PA 19103
By: Cynthia B. Morgan
Identification No. 316563
Telephone: (215) 326-1717
cmorgan@medinamorgan.com

**ABIR COHEN TREYZON SALO, LLP**
230 Sugartown Rd., Suite 100
Wayne, PA 19087
By: Derek Braslow
Identification No.
Telephone: (215) 317-4620
Email: dbraslow@actslaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF
## PENNSYLVANIA

| | |
|---|---|
| HERIBERTO TORRES,<br><br>Plaintiff<br><br>v.<br><br>VISIONQUEST NATIONAL, LTD.<br><br>Defendant | PLAINTIFF'S COMPLAINT<br><br>CIVIL ACTION<br><br>NO.: 2:26-cv-05881<br><br>JURY TRIAL DEMANDED |

**SPOTLIGHT JUSTICE PLLC**
200 Barr-Harbor Drive, Suite 400
Conshohocken, PA 19428
By: Dena R. Young
Identification No. 308703
Telephone: (610) 659-4567
Email: dena@spotlightjustice.com

**ABIR COHEN TREYZON SALO, LLP**
230 Sugartown Rd., Suite 100
Wayne, PA 19087
By: Derek Braslow
Identification No.
Telephone: (215) 317-4620
Email: dbraslow@actslaw.com

**MEDINA | MORGAN LLC**
1760 Market Street, Suite 1301
Philadelphia, PA 19103
By: Cynthia B. Morgan
Identification No. 316563
Telephone: (215) 326-1717
cmorgan@medinamorgan.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERIBERTO TORRES, <br><br> Plaintiff <br><br> v. <br><br> VISIONQUEST NATIONAL, LTD. <br><br> Defendant | PLAINTIFF'S COMPLAINT <br><br> CIVIL ACTION <br><br> NO.: NO.: 2:26-cv-05881 <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S COMPLAINT – CIVIL ACTION

Plaintiff, Heriberto Torres, by his undersigned counsel, files this Complaint against Defendant, VisionQuest National, Ltd. (also referred to herein as "VisionQuest" or the "Defendant"), and alleges as follows[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff respectfully requests that this action be consolidated with the VisionQuest actions previously consolidated before the Honorable Gerald A. McHugh for purposes of resolving all matters prior to trial.

**PRELIMINARY STATEMENT**

1.      For decades, VisionQuest has purported to provide safe and effective rehabilitative residential programs for at-risk youth.

2.      Instead, at all relevant times, as described herein, VisionQuest repeatedly and routinely enabled its staff to prey upon the vulnerable children in VisionQuest's care and custody.

3.      Despite decades of reports and well-established notice that VisionQuest employees were sexually abusing children at VisionQuest facilities or had the propensity to sexually abuse these children, VisionQuest failed over and over, for decades, to protect the children entrusted to VisonQuest's care.

4.      Plaintiff, as described herein, was sexually abused by a VisionQuest staff member at a VisionQuest facility in Pennsylvania.

5.      The abuse perpetrated against Plaintiff was part of and emblematic of the rampant, systemic culture of terrorizing, traumatizing and abusing children which was permitted to flourish at VisionQuest facilities.

6.      Numerous children, including Plaintiff, for whom VisionQuest has purported to care and protect have been horrifically sexually abused at the hands of VisionQuest staff while VisionQuest has turned a blind eye to their suffering.

7.      Plaintiff left VisionQuest traumatized, injured, and far worse psychologically and otherwise than he was when he arrived at VisionQuest.

8.      But while Plaintiff has suffered for years from the trauma that VisionQuest's failures and negligence have caused him, VisionQuest continues to operate facilities across the country, including in Pennsylvania, and continues to actively seek to open new facilities to

3

house vulnerable youth, leaving shattered lives and devastation in the wake of its drive for profits.

## JURISDICTION AND VENUE

9.	This court has subject matter over Plaintiff's claims based on the diversity of the parties pursuant to 28 U.S.C. § 1332.  The amount in controversy, without interest and costs, exceeds $75,000.

10.	Defendant, VisionQuest National, Ltd., is a citizen of the state of Arizona, where it is headquartered, incorporated, and operates its principal place of business.  VisionQuest maintains its organizational headquarters at 600 North Swan Road, Tucson, AZ 85711.

11.	This Court has personal jurisdiction over VisionQuest because at all times relevant herein, and continuing to this day, VisionQuest has maintained and operated offices and facilities across the Commonwealth of Pennsylvania including offices and facilities in Chester County, Pennsylvania and Philadelphia County, Pennsylvania.

12.	VisionQuest has continuous and systematic contact with the State of Pennsylvania such that it is essentially "at home" in the state.

13.	At all relevant times herein, VisionQuest owned and operated the VisionQuest entities in Pennsylvania and such entities were within VisionQuest National LTD's control, direction, and management.

14.	Venue is proper in this District under 28 U.S.C. § 1391(a)-(d) because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Pennsylvania and/or because VisionQuest resides, and at all times relevant herein, resided in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) including because at all relevant times herein, VisionQuest maintained and operated offices and facilities in this District including in Chester County, Pennsylvania and Philadelphia County, Pennsylvania.

4

**PARTIES**

15.    Plaintiff is a citizen and resident of the Commonwealth of Pennsylvania.

16.    Defendant, VisionQuest, was established in 1973 as an alternative to what were then traditional correctional methods.[2]

17.    VisionQuest administers programs for children and youths across the country, purporting to provide housing, educational, therapeutic and rehabilitative services in lieu of formal detention or incarceration.

18.    VisionQuest entities in Pennsylvania are owned and operated by Defendant VisionQuest National, LTD, and are within VisionQuest National, LTD's control, direction, and management.

19.    VisionQuest is typically referred its juvenile clients when the client is sent to a VisionQuest facility as part of a rehabilitative, reformative or treatment process.

20.    VisionQuest then conducts an interview with the prospective client and determines the eligibility and fitness of the client for the recommended program.

21.    At all relevant times herein, Defendant, VisionQuest, was charged with supervising and controlling all staff, counselors, officers and/or teachers at its VisionQuest facilities.

22.    At all relevant times herein, Defendant, VisionQuest, had/has access to and knowledge of information regarding the physical and/or emotional misconduct of staff, teachers, and/or counselors, including knowledge of the widespread abusive conduct of staff, teachers, and/or counselors at VisionQuest.

---

[2] VQ, *About Us*, https://www.vq.com/about-us#Scroll.

5

23. At all relevant times herein, the abuser who committed sexual abuse against the Plaintiff (referred to herein as the "abuser", the "abuser described herein" or the "above-described abuser") was acting as a staff member, counselor, teacher, employee, agent, servant, representative and/or ostensible/aided agent and was hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for the Defendant, VisionQuest, and was engaged to perform services for the Defendant, VisionQuest, and was subjected to the Defendant, VisionQuest's, oversight, supervision, management, direction, control, ostensible/aided control, and/or right to control the physical conduct required to perform such services.

24. VisionQuest was the principal of the abuser described herein and acted only through the natural persons who were its staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents who were hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for VisionQuest.

25. The abuser described herein acted as the staff, counselor, teacher, employee, agent, servant, representative and/or ostensible/aided agent of the Defendant, VisionQuest, and acted negligently while in the scope of his duties or authority, such that negligence as a matter of law is charged to the principal, here the Defendant, VisionQuest.

26. At all times material hereto, the Defendant, VisionQuest, is deemed negligent for the wrongdoing to the same extent as the abusers and other perpetrators or negligent staff, counselors, teachers, employees, agents, servants, representatives and/or ostensible/aided agents of the Defendant, as described herein.

**FACTUAL ALLEGATIONS**

### A. VisionQuest's Longstanding, Documented History of Child Abuse

27.      VisionQuest has been defined by disturbing reports of sexual, physical and emotional abuse committed by VisionQuest employees since VisionQuest's inception in 1973.

28.      In 1979, VisionQuest's founder was quoted as saying that the use of the N-word is "not necessarily improper."[3]

29.      At the same time, it was reported that teenage girls in a VisionQuest group home were being emotionally abused, including by being called "bitch," "slut," and "whore" and physically abused, including being subjected to "physicals" in which they would be pushed against a wall and down to the floor, and the staff would twist their arms and legs, injuring them.[4]

30.      In 1980, two VisionQuest staff members and six teenagers in VisionQuest's care drowned while participating in an "OceanQuest" expedition.[5]

31.      In 1984, a sixteen-year-old named Mario Cano died in VisionQuest custody in New Mexico after he repeatedly complained of dizziness, nausea and soreness but was deemed to be faking and forced to exert himself to the point of death.[6] Troubling reports that emerged after Mr. Cano's death include that despite complaining that he was unwell, he was

---

[3] THE DAILY BEAST, *VisionQuest, For-Profit Firm Tapped to House Migrant Kids in Philadelphia, Has Sordid History* (July 1, 2019), https://www.thedailybeast.com/visionquest-for-profit-firm-tapped-to-house-migrant-kids-in-philadelphia-has-sordid-history.

[4] *Id.*

[5] Office of Juvenile Justice and Delinquency Prevention, U.S. Department of Justice, published by the RAND Corporation, *The VisionQuest Program: An Evaluation* (Nov. 1987), at pg. 6, https://www.ojp.gov/pdffiles1/Digitization/109581NCJRS.pdf.

[6] THE DAILY BEAST, *VisionQuest, For-Profit Firm Tapped to House Migrant Kids in Philadelphia, Has Sordid History* (July 1, 2019), https://www.thedailybeast.com/visionquest-for-profit-firm-tapped-to-house-migrant-kids-in-philadelphia-has-sordid-history.

forced to dig a latrine.[7]  When he became too weak to pick up the shovel to do so, he was forced to continue with a dustpan and his bare hands.[8]  He then complained that he was too sick to participate in a calisthenics exercise course but was forced to participate anyways.[9]  Even when he was so weak that he required two other teens to assist him up two stairs to reach the toilet, he was forced to continue in his exercise and work courses.[10]  He was subjected to more exercise the next day but was so weak that he kept falling over.[11]  The abuse finally stopped when he laid down with his eyes open.[12]  He was found to have died of a pulmonary embolism.[13]

32.    In 1984, the state of New Mexico cancelled VisionQuest's license to operate in that state, in part because of child abuse charges.[14]

33.    Following an audit of VisionQuest's 1984 finances, Don Bailey, the then-Pennsylvania auditor general stated "VisionQuest has more of an interest in personal business than in what happens to the kids."[15]

34.    In 1987, the RAND Corporation, through a U.S. Department of Justice, Office of Juvenile Justice grant, issued a report documenting VisionQuest's "unorthodox" approaches to treatment of VisionQuest students and/or residents that risked harming the students and/or residents.[16]

---

[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] THE MORNING CALL, *Embattled Program Has a Friend in Pennsylvania PA. Still on Board Despite Questions* (March 13, 1988), https://www.mcall.com/1988/03/13/embattled-program-has-a-friend-in-pennsylvania-pa-still-on-board-despite-questions/.
[15] *Id.*
[16] Office of Juvenile Justice and Delinquency Prevention, U.S. Department of Justice, published by the RAND Corporation, *The VisionQuest Program: An Evaluation* (Nov. 1987), at pg. 6, https://www.ojp.gov/pdffiles1/Digitization/109581NCJRS.pdf.

35.    In 1990, an 18-year-old named John Vincent Garrison died while in VisionQuest custody while trying to escape the program.  His parents subsequently brought suit against VisionQuest and alleged that their son was beaten, scared, terrorized and chased by a pickup truck while in VisionQuest custody.[17]

36.    Further, multiple other children in VisionQuest's care have died, including a child who drowned in the Allegheny River while trying to escape, another child who died jumping or falling from a highway bridge, and another child who died from an internal infection.[18]

37.    In 1994, the U.S. Department of Justice conducted an assessment of the VisionQuest program in Franklin, Pennsylvania.  DOJ "identified several significant areas of concern relating to how VisionQuest treats its charges, which [DOJ] believe[d] violate their constitutional and/or federal statutory rights."[19]

38.    DOJ further reported in that assessment that "since its inception 20 years ago, VisionQuest has been plagued by credible allegations of physical and mental abuse of residents. The fact that these allegations have occurred over many years at different VisionQuest facilities seems to preclude any claim that all the allegations are false or are a result of prejudice, disgruntled employees or misunderstood policies.  Unfortunately, [DOJ reported,] we see evidence of a serious abuse problem at VisionQuest's Franklin facilities."[20]

---

[17] SAN JOAQUIN NEWS SERVICE, *VisionQuest is Sued Over Teen's Death* (June 3, 1991), https://news.google.dk/newspapers?id=0JszAAAAIBAJ&sjid=wTIHAAAAIBAJ&pg=2629,3608832&dq=john+vincent+garrison&hl=en.

[18] Office of Juvenile Justice and Delinquency Prevention, U.S. Department of Justice, published by the RAND Corporation, *The VisionQuest Program: An Evaluation* (Nov. 1987), at pg. 6, https://www.ojp.gov/pdffiles1/Digitization/109581NCJRS.pdf.

[19] Letter From Mark Masling, Trial Attorney, Special Litigation Section, U.S. Department of Justice, to William Kilberg, Gibson, Dunn & Crutcher (August 4, 1994), Re: CRIPA Investigation of VisionQuest Juvenile Detention Facility, https://clearinghouse.net/doc/1642/.

[20] *Id.* at 3.

39.      The DOJ assessment further reported that in terms of physical abuse, at the Franklin facilities alone, VisionQuest had fired 13 staff for "known or suspected abuse or physical harm" in just the two years prior to the report.[21]

40.      In addition, it was reported that in 1992 and 1993, VisionQuest conducted 147 investigations regarding alleged staff abuse, neglect or misconduct. These investigations pertained to staff members "grabbing a youth's groin (alleged twice), frequent punching and hitting juveniles in the face, rendering a youth unconscious which caused him to urinate on himself and spit blood, use of chicken wing holds, and frequent use of headlocks, headbutts and choking restraints."[22]

41.      DOJ further found that "a significant number of residents interviewed alleged they had been physically abused." Allegations of physical abuse included being restrained to the point of being unable to breathe, being slammed or thrown into a wall, hit in the chest, punched in the head, elbowed in the throat, choked, head-butted in the face, having their hair pulled, and made to stand in the cold as punishment.[23]

42.      At the Franklin facilities alone, the use of restraints resulted in 63 documented injuries, including severe injuries, such as being knocked unconscious, lacerations that required 8 and 11 sutures, a fractured ankle, a cervical spasm, two fractured noses, a dislocated arm, a fractured finger, an inability to move the child's legs, a dislocated patella, and several chipped teeth.[24]

43.      DOJ reported that the reported allegations were "essentially corroborated by

---

[21] *Id.*
[22] *Id.* at 4.
[23] *Id.*
[24] *Id.* at 4.

VisionQuest's own documents and records."[25]

44.     In addition to physical assaults and abuse, the report describes the "extremely pernicious results" of mental and emotional abuse inflicted on the VisionQuest residents.[26] Examples of such abuse include out of control staff using confrontation as a way of exercising their bad tempers, staff egging juveniles on to provoke a confrontation, abusive and profane language, confrontations and restraints being used over minor incidents, staff yelling for the sake of yelling, staff trying to hurt residents during restraints, and the escalation of verbal confrontations into physical encounters. Face to face screaming confrontations were daily occurrences.[27]

45.     The report also documented additional serious issues with the VisionQuest program including unhygienic, unsafe, and crowded sleeping conditions, unacceptably dirty portable toilets, ongoing serious sewage problems, "deficient" food services, including violations of health codes, rodent infestations, inadequate treatment plans, seriously deficient, "totally inadequate" educational programs, deficient medical care, and violations of religious accommodations or expression, among other violations.[28]

46.     The report recommended numerous, specific remedial measures, including ways to "address the root cause of the problem, which in our opinion is the officially sanctioned culture of verbal and physical violence[.]"[29]

47.     Examples of the recommended remedial measures included creation of a "truly independent youth advocate" who would report directly to corporate headquarters, not to

---

[25] *Id.*
[26] *Id.*
[27] *Id*. at 5.
[28] *Id*. at 5–8.
[29] *Id.* at 8.

anyone at the Franklin site, additional training for VisionQuest staff, a tracking system for monitoring of staff and residents involved in an unusual amount of incidents, counseling, training or firing of identified staff, firing abusive staff, and more.[30]

48.    By 2007, the Office of the Child Advocate in New Jersey suspended admissions to a VisionQuest program because of persistent and recurring "widespread problems" which created an "unsafe environment for youth placed at the South Jersey facility."[31] The Child Advocate had become alarmed when there were 189 escapes and 276 uses of physical restraints at the facility in a six-month period.[32]

49.    Widespread, numerous reports of sexual abuse committed by VisionQuest staff members against VisionQuest residents and students have also been reported.

50.    For example, in 2014, Domenique McKillop, a former special education teacher at the VisionQuest Standing Timbers Academy near Gouldsboro, Pennsylvania, was arrested and charged with involuntary deviate sexual intercourse, institutional sexual assault and several other sex charges stemming from sexual abuse perpetrated against three of her male students both on school grounds and in her car near the school.[33]

51.    By 2018, Defendant had closed numerous Pennsylvania facilities, including its Franklin, Pennsylvania location, because the City of Philadelphia refused to place any other

---

[30] *Id*. at 8–12.

[31] NEW JERSEY OFFICE OF THE CHILD ADVOCATE, *Reforming VisionQuest: A Case Study in Improving Residential Treatment for Troubled Youth* (July 23, 2008), https://dspace.njstatelib.org/server/api/core/bitstreams/24d39465-160a-4fc3-80bf-21171ae6d1c8/content.

[32] THE DAILY BEAST, *VisionQuest, For-Profit Firm Tapped to House Migrant Kids in Philadelphia, Has Sordid History* (July 1, 2019), https://www.thedailybeast.com/visionquest-for-profit-firm-tapped-to-house-migrant-kids-in-philadelphia-has-sordid-history.

[33] WNEP 16 ABC, *Former Teacher Facing Sex Charges*, https://www.wnep.com/article/news/local/bradford-county/former-teacher-facing-sex-charges/523-4537dba2-775e-4bb2-9c72-cc79b653bb47.

children there, citing safety concerns.[34]

52.      A slew of lawsuits have now been filed by plaintiffs, outside of the Plaintiff described herein, who were at different VisionQuest facilities across Pennsylvania at different times, which each detail systemic, widespread sexual and physical abuse perpetrated by VisionQuest staff against VisionQuest students and residents.[35]

**B.  The Sexual Abuse of the Plaintiff**

53.      At all times material hereto, Plaintiff, Heriberto Torres, was a minor of in or around 16 years old when subjected to abuse by Defendant VisionQuest in or around 2014.

54.      At all times material hereto, Heriberto Torres was a resident and/or student at VisionQuest's Fort Charles Young Facility located at 555 S. Penn Road, Franklin, PA. 16323.

55.      Plaintiff Heriberto Torres was sexually abused by a female staff member ("Plaintiff's Abuser") during Plaintiff Heriberto Torres' time as a resident at VisionQuest.

56.      Plaintiff's Abuser was named Brenda. She was an older Black woman, was short, heavy-set, and wore her hair in a small bun.

57.      The first incident of abuse occurred in the day room when Plaintiff was mopping. Brenda chose him to sweep and mop and then allowed him to make a phone call. While he was sitting on the couch, Brenda approached Plaintiff, pulled down his pants and performed oral copulation on him.

58.      The second time Brenda abused Plaintiff was in Plaintiff's room at night

---

[34] VENANGO EXTRA, *VisionQuest Shuts Down* (January 21, 2018), https://www.venangoextra.com/visionquest-shuts-down.

[35] *See, e.g.,* PENNSYLVANIA RECORD, *Resident at Behavioral Health Facility Says He Was Sexually Abused as a Teenager* (Oct. 17, 2022), https://pennrecord.com/stories/633380230-resident-at-behavioral-health- facility-says-he-was-sexually-abused-as-a-teenager.

time while his roomates were sleeping. Brenda entered the room in the dark, approached

Plaintiff's bed and performed oral copulation on him.

59.        During each instance of abuse, Brenda masturbated herself.

60.        The third incident took place again in the day room when Plaintiff was

mopping the floor. When he finished mopping, Brenda approached him on the couch and

performed oral copulation on him. While she was doing this, another staff member walked in,

saw her performing oral copulation and ran out. This staff member reported what he saw and

Plaintiff believes Brenda was fired.

61.        Brenda brought Plaintiff candy and snacks on occasion and made

inappropriate sexual remarks to him.

62.        This action is filed pursuant to 42 Pa. Cons. Stat. Ann. § 5533, which provides

survivors of childhood sexual abuse, whose claims were not yet barred at the time this statute

was passed, a period of 37 years after attaining 18 years of age in which to commence an action

for damages.

63.        Plaintiff was born after November 26, 1989 and is currently under age 55,

and his claim is therefore not barred by any statute of limitations.

64.        Upon information and belief, Plaintiff was likely abused in additional ways

and/or on additional occasions but has emotionally suppressed partially and/or in whole these

additional details and/or occasions of abuse.

65.        The above-described abuser of Plaintiff was an abuser of children, including

Plaintiff, during the abuser's tenure as a staff member, counselor, teacher, employee, agent,

servant, representative and/or ostensible/aided agent who was hired, certified, assigned,

retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled

14

by and for the Defendant, VisionQuest.

66.     The above-described abuser committed his acts of abuse against Plaintiff in Pennsylvania.

67.     The above-described abuser committed his acts of abuse against Plaintiff on the premises or property of VisionQuest.

68.     The above-described abuser was acting in the course and scope of his authority with Defendant and/or accomplished the abuse based on the actual or apparent authority given to him by Defendant.

69.     Plaintiff was sexually abused as a minor and institutionalized person including as "sexual abuse" is defined in 42 Pa. Cons. Stat. Ann. § 5533(b)(2)(ii), through rape, indecent contact, institutionalized sexual assault, sexual assault, indecent assault, indecent exposure, aggravated indecent assault, and/or other Pennsylvania crimes and provisions.

70.     The above-described abuser engaged in forcible compulsion or threat of forcible compulsion of Plaintiff during and in order to facilitate each occasion of sexual abuse, as the above-described abuser committed his sexual abuse by use of physical, intellectual, moral, emotional or psychological force, either express or implied.

71.     The above-described abuser had power and authority over Plaintiff and control of every facet of Plaintiff's safety and security.  Plaintiff was entirely reliant upon and at the mercy of the above-described abuser, creating a culture of fear and compulsion.

72.     At all material times hereto, Defendant, VisionQuest, knew or should have known that the above-described abuser sexually and/or physically, and/or emotionally abused children and/or was not fit to serve as a staff member, counselor, teacher, employee, agent, servant, representative and/or ostensible/aided agent of Defendant.

15

73. At all material times hereto, Defendant, VisionQuest, knew or should have known that the above-described abuser had been and/or was abusing Plaintiff and/or other children at VisionQuest in Pennsylvania and other locations visited by and/or related to VisionQuest activities, events, and/or duties.

74. At all material times hereto, Defendant, VisionQuest, took no action and/or failed to timely and adequately take action to warn or otherwise reasonably protect the children of VisionQuest, including Plaintiff, from the above-described abuser.

75. At all materials times hereto, Defendant, VisionQuest, failed to exercise ordinary care in hiring, supervising and retaining the staff and employees at VisionQuest, including the above-described abuser, negligently and recklessly causing serious harm to Plaintiff.

76. At all materials times hereto, Defendant, VisionQuest, failed to prevent the foreseeable misconduct of the staff, employees and others working at VisionQuest under Defendant's supervision, authority and control, including the above-described abuser, which resulted in serious harm to Plaintiff.

77. At all material times hereto, as a direct and proximate result of Defendant's breaches of its duties of care, Plaintiff has felt and been forced to live with enormous shame, humiliation, embarrassment, and self-loathing, has suffered from difficultly navigating intimate relationships, and has suffered great, permanent harm, including but not limited to, the following: severe emotional distress, extreme trauma, depression, anxiety, post-traumatic stress disorder (PTSD) and symptoms thereof, flashbacks, humiliation, embarrassment, fear, shame, emotional dissociation, nightmares, and/or loss of self-esteem and self-worth, all of which have and/or will continue to require counseling, therapy, and/or other treatment.

16

78.     Further, as a direct and proximate result of Defendant's breaches of its duties of care, Plaintiff has suffered severe impairment and disruption of his enjoyment of life, identity, intimacy with loved ones, and/or belief structure, including, but not limited to, the impairment and disruption of his relationships with members of his family, friends, intimate relationships, acquaintances, and/or others.

79.     Also, as a direct and proximate result of Defendant's breaches of its duties of care, Plaintiff has suffered from destructive and dysfunctional behaviors, including, but not limited to, addictions (i.e. alcohol and/or drugs) and/or other mental health issues, all of which have required and/or will require counseling, therapy, and/or other treatment.

80.     Further, as a direct and proximate result of Defendant's breaches of its duties of care, Plaintiff has incurred significant past loss of wages and future loss of earning capacity to his permanent detriment.

81.     The abuse set forth above and its consequential trauma and harm, in turn, caused Plaintiff to suppress and/or emotionally dissociate his feelings about his traumatic experience(s), thereby exacerbating its devastating psychological, physical, and social consequences.

82.     Plaintiff was not fully aware of the causal relationship between the abuse set forth above, and its consequential trauma and harm, until recently, and Plaintiff continues to endure and/or discover trauma and harm relative to the abuse at the present time and such inflictions of trauma and harm shall and will continue in the future.

83.     Now, in conformity with Pennsylvania law, Plaintiff brings the following action for damages.

84.     As alleged in greater detail herein above and/or below, all of Plaintiff's harm

and damages were caused by the culpable acts and/or omissions of Defendant.

85.      As set forth more fully herein, the negligence, gross negligence, recklessness, and/or punitive behavior of Defendant was a direct and proximate cause of harm and damages to Plaintiff.

86.      Plaintiff's injuries and/or damages were caused solely by the negligence, gross negligence, recklessness, and/or punitive behavior of Defendant, as set forth more fully herein, and were not caused or contributed thereto by any negligence, gross negligence, recklessness and/or punitive behavior on the part of the Plaintiff.

87.      Plaintiff is therefore entitled to compensation from Defendant for his injuries.

## CAUSES OF ACTION

### COUNT 1
### NEGLIGENCE

### PLAINTIFF v. VISIONQUEST NATIONAL, LTD.

88.      Plaintiff hereby incorporates by reference each allegation set forth in the preceding paragraphs as if fully stated herein.

89.      At all relevant times, Defendant owed Plaintiff a duty to maintain a safe environment with reasonable protection and supervision while Plaintiff was in Defendant's custody and care at all relevant VisionQuest facilities.

90.      Defendant owed Plaintiff a duty, including a special duty, to reasonably protect Plaintiff from foreseeable harms, including the foreseeable harm of staff sexual abuse, and to control the acts of Defendant's employees, staff members and others who worked at VisionQuest and who were under Defendant's supervision, authority, and control, including the above-described abuser.

91.      Defendant and Plaintiff had a special relationship.  At all relevant times as

18

described herein, Plaintiff was a child deprived of his normal power of self-protection as he was committed to Defendant's residential juvenile care facility.

92.     Defendant and the above-described abuser also were in a special relationship as the above-described abuser was Defendant's employee and staff member working at VisionQuest under Defendant's supervision, authority and control, and the abuser was in the class of persons whose conduct needed to be controlled.

93.     Defendant, and Defendant's staff, employees and others working at VisionQuest under Defendant's supervision, authority and control, also had a duty to report child abuse if there was a reasonable belief that child abuse occurred or was occurring, as required by 55 Pa C.S. § 3680, *et seq.*; 55 Pa. CS. § 3800, *et seq.*; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant.

94.     Defendant breached its duties to Plaintiff through its acts and omissions, including, but not limited to, the following:

   a. Allowing, enabling, authorizing or turning a blind eye to a culture of sexual and physical abuse perpetrated by VisionQuest staff against VisionQuest residents/children.

   b. Failing to train and educate the employees, staff and others working at VisionQuest under Defendant's supervision, authority and control regarding the identification and reporting of sexual and physical abuse;

   c. Failing to instruct and train supervisors of the employees, staff and others working at VisionQuest under Defendant's supervision, authority and control regarding circumstances indicating a high risk of sexual and/or physical abuse;

   d. Failing to properly screen VisionQuest employees, staff and others working at VisionQuest under Defendant's supervision adequately before placing them in close contact with the young and vulnerable residents and students at VisionQuest;

19

e.  Failing to adequately supervise staff members, teachers, nurses, counselors, employees, agents and servants to prevent sexual abuse;

f.  Failing to monitor staff members, teachers, nurses, counselors, employees, agents and servants to prevent sexual abuse;

g.  Failing to monitor Plaintiff's well-being while at VisionQuest so as to detect incidents of sexual abuse;

h.  Failing to properly investigate complaints of staff sexual, physical and/or emotional abuse and/or other inappropriate behavior;

i.  Failing to take adequate or appropriate measures after physical, sexual and emotional abuse was reported;

j.  Minimizing, ignoring or excusing inappropriate or questionable behavior, physical, sexual and emotional abuse and other misconduct by VisionQuest staff, teachers, counselors, employees, agents, servants, representatives, and agents over a period of months, years and/or decades;

k.  Failing to report criminal activity, including reports of child abuse, to the appropriate law enforcement agencies;

l.  Failing to establish, implement and maintain proper and effective policies and procedures to prevent sexual abuse of children by the employees and staff of VisionQuest;

m.  Failing to establish, implement and maintain proper and effective policies and procedures for adequate observation, management, surveillance, oversight and supervision of the staff and employees at VisionQuest;

n.  Failing to properly and/or adequately warn judges, probation officers, court officials, law enforcement, parents, children, community members, and/or the public at large, including, but not limited to, Plaintiff and similarly situated children, and their parents and/or family

20

members, regarding the inappropriate behavior and/or misconduct of the abuser described herein and/or other abusive staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, despite knowledge of the dangers they presented and the harmful and complicit culture and environment created by such failures to warn;

o.  Assigning VisionQuest staff, teachers, counselors, employees, agents, servants, representatives, and/or agents known to have engaged in questionable and/or inappropriate behavior or misconduct and/or known to be pedophiles and/or sexual predators and/or child abusers, including but not limited to the abuser described herein and/or other staff members, to positions within the VisionQuest facility where said individual(s) had/have regular contact with children and unfettered access to those children;

p.  Failing to provide a safe environment and protective culture to children within the campus, resident halls, bathrooms, showers, classrooms, and/or other external locations operated, visited, and/or owned by VisionQuest;

q.  Negligently retaining and/or failing to terminate abusive staff members, including the above-described abuser, and/or other staff members, and/or other sexually inappropriate and/or abusive individuals from or associated with VisionQuest, and promoting a culture and environment of complicity, denial and deception regarding child sexual abuse within VisionQuest;

r.  Recklessly, negligently and/or carelessly failing to observe, manage, direct, oversee, and supervise the relationship between Plaintiff and the above-described abuser;

s.  Recklessly, negligently and/or carelessly failing to have proper and effective policies and procedures to require adequate observation, management, oversight, and supervision of the relationship between Plaintiff and the above-described abuser;

21

t.  Recklessly, negligently and/or carelessly failing to recognize the above-described abuser's conduct and behavior prior to the abusive events in question and/or as described herein as creating a risk of sexual abuse toward children, including, but not limited to, Plaintiff;

u.  Recklessly, negligently and/or carelessly failing to have proper policies and procedures to require adequate observation, management, oversight, and supervision of Plaintiff and the above-described abuser;

v.  Failing to investigate complaints that the above-described abuser was behaving inappropriately and/or touching children inappropriately, including, but not limited to, Plaintiff;

w.  Recklessly, negligently and/or carelessly failing to investigate the behavior of the above-described abuser that put Defendant on notice that the abuser was and/or might have been an abuser, potential pedophile and/or sexual predator;

x.  Recklessly, negligently and/or carelessly failing to identify that the above-described abuser was a potential pedophile and/or sexual predator and/or child abuser;

y.  Failing to detect a rampant and open culture of sexual, physical, and/or emotional abuse of children in VisionQuest's care;

z.  Failing to stop a rampant and open culture of sexual, physical, and/or emotional abuse of children in VisionQuest's care;

aa. Threatening VisionQuest residents with physical and/or sexual harm in an attempt to prevent them from reporting abuse, and/or otherwise threatening punishment if the abuse was reported;

bb. Negligently maintaining custody, supervision and protection of children placed in Defendant's care by virtue of their legal authority;

cc. Failing to exercise due care under the relevant circumstances, as it pertains to the

22

preceding and subsequent subsections, and to be considered as a whole;

dd. Failing to prevent serious and lasting psychological, physical, sexual, and emotional harm to Plaintiff while at VisionQuest.

95.     Defendant knew or should have known that its staff, employees and others working at VisionQuest under its supervision, authority and control had the propensity to sexually abuse juveniles and were not fit to be in the presence of juveniles over whom Defendant had custody and/or responsibility.

96.     Defendant was negligent under the facts as detailed within this Complaint in that Defendant failed to use the degree of care, precaution and vigilance which a reasonably prudent person or entity would use under the same or similar circumstances, including, but not limited to, the negligent affirmative acts detailed in this Complaint which a reasonably prudent person or entity would not have done, and also the negligent omissions or failures to act and/or take precautions as detailed in this Complaint which a reasonably prudent person or entity would have done or taken under these circumstances.

97.     The above-described abuser's actions, as described herein, are evidence of *negligence per se.*

98.     Further, Defendant is vicariously liable for the negligent and intentional acts of its staff, employees and others working at VisionQuest under Defendant's supervision, authority and control, including the above-described abuser, particularly where it is widely known that there are vulnerable children and persons with disabilities in Defendant's care and a public policy to protect said children, and responsibility is imposed upon individuals and institutions in the best position to know of and stop the abuse to such children, such as Defendant.

99.     As a direct and proximate result of Defendant's breaches of its duties of care, Plaintiff has been harmed and sexual abuse was perpetrated against Plaintiff, resulting in the

23

injuries described herein.

100.    Plaintiff is entitled to compensation for his injuries.

101.    **WHEREFORE**, Plaintiff demands judgment against Defendant, VisionQuest, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 2
## NEGLIGENT SUPERVISION AND RETENTION

### PLAINTIFF v. VISIONQUEST NATIONAL, LTD.

102.    Plaintiff hereby incorporates by reference each allegation set forth in the preceding paragraphs as if fully stated herein.

103.    Prior to the time Plaintiff was sexually abused at VisionQuest as described herein, VisionQuest knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise counselors, staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents in their relationships with the young and vulnerable children residing at VisionQuest, including Plaintiff.

104.    Prior to the sexual abuse of Plaintiff, VisionQuest knew or should have known of the particular risk posed by the abuser described herein based on, among other things, his inappropriate and/or questionable conduct, spending a disproportionate time with Plaintiff, taking Plaintiff to an area of the facility Plaintiff and/or the abuser had no legitimate reason to enter, flirting or making suggestive comments to Plaintiff, touching Plaintiff in plain view of other officers, employees, staff members or counselors, physically, emotionally or psychologically abusing Plaintiff or other children, and/or his history of sexually and/or physically and/or emotionally abusing children.

105.    In addition, prior to the sexual abuse of Plaintiff, based on, among other things,

24

reports of abuse over the course of decades, Defendant knew or should have known that pedophiles, abusers and sexual predators, including the above-described abuser, were working as VisionQuest staff and preying on the VisionQuest residents and/or students under Defendant's care.

106.    Prior to the sexual abuse of Plaintiff, Defendant knew or should have known that the staff, employees, and others working at VisionQuest under Defendant's supervision, authority and control, including the above-described abuser, would have regular, unfettered access to the young and vulnerable students and residents of VisionQuest.

107.    Prior to the sexual abuse of Plaintiff, Defendant knew or should have known of the necessity of supervising, monitoring, and controlling Defendant's employees, staff, and others working at VisionQuest under Defendant's supervision, authority and control to ensure the safety and protection of the residents and students at VisionQuest.

108.    At all relevant times when the sexual and physical abuse of Plaintiff took place, the staff, employees and others working at VisionQuest were under the supervision, authority and control of Defendant.

109.    Defendant owed Plaintiff a duty to maintain a safe environment with reasonable protection and supervision while Plaintiff was in Defendant's custody and care at all relevant VisionQuest facilities and Defendant owed Plaintiff a duty to exercise reasonable care in the hiring, assignment, control, selection, supervision, surveillance, and/or retention of staff, teachers, nurses, counselors, employees, agents, servants and/or representatives residing in, employed by, and/or affiliated with VisionQuest, and, specifically, a duty to monitor warning signs of sexual abuse, pedophiles, sexual predators and those seeking to exploit the young and vulnerable students and residents of VisionQuest, including the above-described abuser.

110.    Defendant breached these duties through Defendant's acts and omissions, including, but not limited to the following:

25

a. Actively employing and retaining the above-described abuser in a position of authority through which the above-described abuser had continued access, power, and control over the residents and children at VisionQuest, and failing to separate the abusers from the residents and children at VisionQuest, both before and after the abuser sexually abused Plaintiff and when VisionQuest knew or should have known that the abuser had the propensity to sexually abuse Plaintiff or other residents and students of VisionQuest;

b. Failing to timely remove the above-described abuser from working with the residents and students of VisionQuest even after Defendant was on notice that the above-described abuser was sexually abusing the residents and students of VisionQuest or had the propensity to sexually abuse the residents and students of VisionQuest, thereby letting the abusive conduct continue and emboldening the above-described abuser and other perpetrators;

c. Allowing the above-described abuser to have unfettered and unsupervised access to the residents and students of VisionQuest without appropriate monitoring or safeguards while acting in the course and scope of his employment with Defendant, even when Defendant knew or should have known that the above-described abuser was sexually abusing the residents or students at VisionQuest or had the propensity to sexually abuse the residents or students at VisionQuest, including Plaintiff, which gave the above-described abuser the opportunity to commit the foreseeable sexual abuse against Plaintiff;

d. Failing to implement appropriate video surveillance systems, to require or implement unpredictable supervisory rounds, to monitor the residents and students of VisionQuest, the VisionQuest employees and staff, including the above-described abuser, and areas of the facility, to conduct random or scheduled check-ins, to properly monitor

employees and staff that would be alone and in a position of authority over the residents and students of VisionQuest, including the above-described abuser, to implement adequate policies, procedures and methods of reporting sexual abuse, and to institute a host of other reasonable methods of surveillance and supervision;

e. Failing to take sufficient action when VisionQuest staff or employers left their assigned posts, went to areas of the facility where they had no work-related reason to enter and engaged in behavior that is clearly suggestive of inappropriate relationships, pedophilia, and sexual violence;

f. Failing to investigate and supervise the above-described abuser and his relationship with the Plaintiff;

g. Allowing, authorizing, or turning a blind eye to a culture of sexual and physical abuse at VisionQuest facilities;

h. Failing to adequately supervise staff members, teachers, nurses, counselors, employees, agents and servants to prevent sexual abuse;

i. Failing to adequately monitor staff members, teachers, nurses, counselors, employees, agents, and servants to prevent sexual abuse;

j. Failing to adequately monitor the whereabouts and safety of the Plaintiff while in VisionQuest facilities;

k. Failing to establish, implement, and maintain proper and effective policies for adequate observation, management, oversight and supervision of the staff, employees or others working at VisionQuest under Defendant's supervision, authority and control; and

l. Failing to prevent serious and lasting psychological, physical, sexual and emotional harm to Plaintiff while at VisionQuest.

27

111.    Thus, Defendant failed to prevent foreseeable harm and foreseeable misconduct of the staff, employees and others working at VisionQuest under Defendant's supervision, authority and control, resulting in harm to the Plaintiff.

112.    As a direct and proximate result of Defendant's breaches of Defendant's duties of care, Plaintiff was harmed and sexually abused, resulting in the injuries described herein.

113.    Plaintiff is thus entitled to compensation for his injuries.

114.    **WHEREFORE**, Plaintiff demands judgment against Defendant, VisionQuest, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 3
## NEGLIGENT HIRING

### PLAINTIFF v. VISIONQUEST NATIONAL, LTD.

115.    Plaintiff hereby incorporates by reference each allegation set forth in the preceding paragraphs as if fully stated herein.

116.    Defendant owed Plaintiff a duty to maintain a safe environment with reasonable protection and supervision while Plaintiff was in Defendant's custody and care at all relevant VisionQuest facilities and Defendant owed Plaintiff a duty to exercise reasonable care in the hiring, certifying and selection of staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at VisionQuest including the above-described abuser.

117.    At all relevant times herein, in light of years of reports and warnings of staff sexual abuse of students and residents at VisionQuest facilities, Defendant knew or should have known of the

28

high risk of sexual abuse for students and residents at its facilities by VisionQuest staff and employees.

118.    Despite this awareness, VisionQuest failed to exercise reasonable care in the hiring, certifying and selection of staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at VisionQuest, including the above-described abuser by, including but not limited to, the following:

a. Failing to conduct a thorough and proper background check of staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at VisionQuest, including the above-described abuser;

b. Failing to learn of or investigate the proclivities towards sexual and/or physical and/or emotional abuse of children in applicant staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at VisionQuest, including the above-described abuser;

c. Failing to investigate whether applicant staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, including the above-described abuser, had prior criminal convictions, arrests, allegations against them or personal histories illustrating a propensity to commit sexual abuse or pedophilia.

d. Failing to conduct a thorough and proper interview with staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at VisionQuest, including the above-described abuser;

e. Failing to use due care in the selection of staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at VisionQuest, including the above-described abuser, as staff and/or counselors and/or teachers rendering service(s) when standing in loco parentis and/or interacting with children;

f.  Recklessly, negligently and/or carelessly failing to adequately check staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at VisionQuest, including the above-described abuser's backgrounds, before hiring them as a staff member and/or counselor and/or teacher rendering service(s) when standing in loco parentis and/or interacting with children; and

g.  Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible/aided agents, situated in and/or located at VisionQuest, including the above-described abuser, for the possibility of being sexual, physical and/or emotional abusers or pedophiles.

h.  Had Defendant properly tested or investigated the above-described abuser,

Defendant would have discovered his sexual deviancies and proclivities and his propensities to sexually abuse children.

119.   Defendant negligently hired the above-described abuser without investigation into his propensities for sexual abuse, and put him in a position where he would be alone with the residents and students of VisionQuest without proper surveillance or oversight and allowed him to exert extreme power and influence over the residents and children, inviting the risk of sexual abuse in an environment Defendant knew was already rife with sexual assault and abuse.

120.   Defendant's failure to investigate the propensities for sexual abuse of staff and employees, including the above-described abuser, despite notice of the high-risk of sexual abuse at VisionQuest facilities and despite Defendant's knowledge that VisionQuest employees and staff would be alone and given unfettered access to residents and students, including Plaintiff, illustrates a complete failure to exercise reasonable care in hiring VisionQuest

30

employees and staff, including the above-described abuser.

121.    Had Defendant properly investigated, reasonably screened, vetted and/or conducted background checks on VisionQuest employees and staff before hiring them, perpetrators of sexual abuse, including the above-described abuser, would not have been in a position to commit sexual abuse against children, including the Plaintiff.

122.    Thus, Defendant failed to prevent foreseeable harm and foreseeable misconduct of the staff, employees and others working at VisionQuest under Defendant's supervision, authority and control, resulting in harm to Plaintiff.

123.    As a direct and proximate result of Defendant's breaches of Defendant's duties of care, Plaintiff was harmed and sexually abused, resulting in the injuries described herein.

124.    Plaintiff is thus entitled to compensation for his injuries.

125.    **WHEREFORE**, Plaintiff demands judgment against Defendant, VisionQuest, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 4
## GROSS NEGLIGENCE

### PLAINTIFF v. VISIONQUEST NATIONAL LTD.

126.    Plaintiff hereby incorporates by reference each allegation set forth in the preceding paragraphs as if fully stated herein.

127.    Defendant, VisionQuest, was grossly negligent under the facts as detailed within this Complaint in that Defendant acted with complete disregard for the rights, safety, and well-being of others, including Plaintiff, in a palpably unreasonable manner; in an outlandish fashion; and/or failed

to exercise slight care or diligence under these circumstances.

128.     As a direct and proximate result of Defendant's gross negligence, Plaintiff was harmed and sexually abused, resulting in the injuries described herein.

129.     Plaintiff is thus entitled to compensation for his injuries, including punitive damages.

130.     **WHEREFORE**, Plaintiff demands judgment against Defendant, VisionQuest, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

## COUNT 5
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### PLAINTIFF v. VISIONQUEST NATIONAL LTD.

131.     Plaintiff hereby incorporates by reference each allegation set forth in the preceding paragraphs as if fully stated herein.

132.     At all relevant times, Defendant owed Plaintiff a duty to maintain a safe environment with reasonable protection and supervision while Plaintiff was in Defendant's custody and care at all relevant VisionQuest facilities.

133.     Defendant owed Plaintiff a duty, including a special duty, to reasonably protect Plaintiff from foreseeable harms, including the foreseeable harm of staff sexual abuse, and to control the acts of Defendant's employees, staff members and others who worked at VisionQuest under Defendant's supervision, authority, and control.

134.     Under Pennsylvania statutes and regulations, VisionQuest owed Plaintiff an affirmative duty of care to ensure his safety and well-being and provide him with adequate protection while at VisionQuest.

32

135.     Defendant had a contractual and fiduciary duty of care to Plaintiff while Plaintiff was in VisionQuest's custody and control.

136.     Defendant breached its duties by failing to provide Plaintiff a safe environment and exposing Plaintiff to sexual abuse and violent conduct from which Plaintiff suffered extreme and severe emotional distress and physical injury.

137.     Defendant knew Plaintiff was in a vulnerable position and Plaintiff's safety was entirely in Defendant's control.

138.     VisionQuest's negligent acts and omissions caused Plaintiff emotional harm that was so extreme that a reasonable person should not and cannot be expected to endure the resulting stress. The severe emotional harm that Plaintiff suffered includes, but is not limited to: horror, pain, anxiety, worry, shock, severe post- traumatic stress, humiliations, embarrassment, shame, feelings of powerlessness, anger, aggression, fear and distrust of authority, severe stress, difficulty sleeping, nightmares, night sweats, depression, emotional withdrawal, physical manifestations of emotional distress, and difficulty coping with daily life.

139.     Plaintiff continues to struggle, cope, and attempt to heal from this severe emotional distress to this day.

140.     Defendant and its staff member's conduct was extreme and outrageous.

141.     Defendant's negligence was the proximate cause of Plaintiff's severe emotional distress and harm.

142.     Plaintiff is thus entitled to compensation for his injuries.

143.     **WHEREFORE**, Plaintiff demands judgment against Defendant, VisionQuest, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such

other legal and equitable relief as the Court deems appropriate.

## COUNT 6
## BREACH OF FIDUCIARY DUTY
## PLAINTIFF v. VISIONQUEST NATIONAL LTD.

144.     Plaintiff hereby incorporates by reference each allegation set forth in the preceding paragraphs as if fully stated herein.

145.     Defendant, as owner, operator and supervisor of residential juvenile care facilities in which Plaintiff resided, owed Plaintiff, and others committed to Defendant's care, a special duty of care.

146.     This included the duty to protect Plaintiff from foreseeable harm from staff, teachers, nurses, employees, agents, servants and representatives hired, supervised, retained and otherwise controlled by Defendant.

147.     By virtue of its status as owner and/or supervisor of a juvenile residential care facility, Defendant bore a fiduciary relationship to Plaintiff and other children and persons residing at VisionQuest.

148.     Defendant had fiduciary duties to avoid harming children and to protect them from harm at the hands of staff, teachers, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendant.

149.     Defendant breached its fiduciary duties by acting or failing to act in accordance with its fiduciary duties as alleged in this Complaint.

150.     As a direct and proximate result of Defendant's breaches of its fiduciary duty, Plaintiff was harmed and sexually abused, resulting in the injuries described herein.

151.     Plaintiff is thus entitled to compensation for his injuries.

34

152.     **WHEREFORE**, Plaintiff demands judgment against Defendant, VisionQuest, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### JURY DEMAND

153.     Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

154.     **WHEREFORE**, Plaintiff demands judgment against Defendant, VisionQuest, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

Dated: August 10, 2026

Respectfully submitted,

**SPOTLIGHT JUSTICE PLLC**          **ABIR COHEN TREYZON SALO, LLP**

BY: /s/ *Dena R. Young*          BY: /s/ *Derek Braslow*
  DENA R. YOUNG            DEREK BRASLOW
  *Attorneys for Plaintiffs*        *Attorneys for Plaintiffs*

**MEDINA | MORGAN LLC**

BY: /s/ *Cynthia B. Morgan*
  CYNTHIA B. MORGAN
  *Attorneys for Plaintiffs*

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: VisionQuest's Fort Charles Young Facility located at 555 S. Penn Road, Franklin, PA. 16323

---

***RELATED CASE IF ANY:***   Case Number:_____    Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.     Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**   ***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.**   ***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☒ 6. Other Personal Injury *(Please specify):*_sexual assault__
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.